IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JOHN PORTER | CRIMINAL NO. 16-36<br><br>CIVIL ACTION NO. 19-1154 |

MEMORANDUM OPINION

Rufe, J.                                                                                                                           March 10, 2022

      Before the Court is Defendant John Porter's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Defendant argues that relief is warranted based on ineffective assistance of counsel and constitutional violations. Defendant also asks the Court to equitably toll the statute of limitations applicable to his habeas petition. The government opposes both the §2255 motion and Defendant's request to equitably toll the statute of limitations. For the reasons that follow, the Court will dismiss Defendant's habeas motion without an evidentiary hearing.

     **I.**     **BACKGROUND**

      Defendant John Porter was indicted on January 28, 2016 and charged with one count of receipt of child pornography under 18 U.S.C. § 2252(a)(2) and (b)(1) and one count of possession of child pornography under 18 U.S.C. § 2252(a)(4)(B) and (b)(2).[1] Defendant pleaded guilty to both counts on October 16, 2017.[2] During his plea colloquy, Porter admitted that he had

---

[1] Indictment [Doc. No. 1] at 1, 2.

[2] Change Plea Hr'g Tr. [Doc. No. 75].

knowingly downloaded videos of child pornography and possessed thousands of images on his computer hard drive that he knew depicted children engaged in sexually explicit conduct.[3]

On February 22, 2018, the Court sentenced Porter to the statutory minimum of sixty months of imprisonment on each of the two counts, to run concurrently.[4] As of the date of this Memorandum, the Federal Bureau of Prisons lists Defendant's estimated release date from FCI Fort Dix (New Jersey) as May 26, 2022.[5] The sentence also included five years of supervised release, an assessment of $5,000 under the Justice for Victims and Trafficking Act, a special assessment of $200, and $52,000 in restitution to the victims.[6]

Porter did not appeal his conviction, which became final on March 8, 2018. On March 18, 2019, Porter, proceeding *pro se*, filed a § 2255 motion and a request for an extension to file the motion, arguing that: (1) counsel was ineffective; (2) the evidence used against him was obtained in violation of his Fourth and Sixth Amendment rights; (3) the conviction for both possession and receipt of child pornography violated the Double Jeopardy Clause of the Fifth Amendment; (4) the restitution amount was calculated incorrectly; (5) the Bureau of Prisons incorrectly placed Defendant in a medium-security facility; (6) the designation of possession and receipt of child pornography as "crimes of violence"[7] is facially unconstitutional and unconstitutional as applied to Defendant; and (7) Title 18 §2252(b)(l) is facially unconstitutional and unconstitutional as applied because it fails to distinguish between receipt and distribution.[8]

---

[3] *Id*. at 24–26.

[4] Am. J. [Doc. No. 58] at 2.

[5] *Find an Inmate*, FED. BUREAU OF PRISONS, https://www.bop.gov/inmateloc/.

[6] Am. J. [Doc. No. 58] at 3, 6.

[7] *See* 18 U.S.C. § 3156(a)(4)(C).

[8] *See* Def.'s § 2255 Mot. [Doc. No. 64].

The Court received both Defendant's request for an extension of time and his habeas motion on March 18, 2019.[9] Defendant's request for tolling of the statute of limitations is dated March 13, 2019.[10] In his § 2255 motion, Defendant stated that he believed that the statute of limitations would expire on March 13, 2019. In the § 2255 motion, Defendant certifies that his motion was placed in the prison mailing system on March 14, 2019, although Defendant signed it on March 4, 2019.[11]

## II.   MOTION FOR AN EXTENSION OF TIME

### A.  Legal Standard

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") sets a one-year statute of limitations for a defendant to file a motion to vacate, set aside, or correct a sentence.[12] This one-year period begins to run once the judgment of conviction becomes final.[13] "If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired."[14] As Defendant did not file a direct appeal, his judgment became final for § 2255 purposes "when his time to appeal expired under the Federal Rules of

---

[9] Def.'s Req. for Ext. of Time [Doc. No. 63]; Def.'s § 2255 Mot. [Doc. No. 64].

[10] Def.'s Req. for Ext. of Time [Doc. No. 63].

[11] Def,'s § 2255 Mot. [Doc. No. 64] at ECF page 12. The Court notes that Defendant lists an execution date of March 4, 2019.

[12] 28 U.S.C. § 2255(f).

[13] 28 U.S.C. § 2255(f)(1).

[14] *Kapral v. United States*, 166 F.3d 565, 577, 577 (3d Cir. 1999).

Appellate Procedure—*i.e.*, 14 days after the entry of judgment in the district court."[15] Defendant, therefore, had until March 8, 2019 to file his request for relief under § 2255.[16]

Defendant has asked the Court, both in the form accompanying his § 2255 motion[17] and in an informal one-page letter request mailed on the same day, to equitably toll the statute of limitations.[18] "Courts should grant a motion for an extension of time to file a § 2255 motion sparingly, and should do so only when the principles of equity would make the rigid application of a limitation period unfair."[19] "[E]quity permits extending the statutory time limit when a defendant shows that (1) he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."[20] A petitioner's exercise of reasonable diligence is a "subjective test" that must be "considered in light of the particular circumstances of [each individual] case."[21] "The fact that a petitioner is proceeding *pro se* does not insulate him from the 'reasonable diligence' inquiry and his lack of legal knowledge or legal training does not alone justify equitable tolling."[22] *Pro se* parties are expected to know when the limitations period expires and make plans accordingly.[23]

---

[15] *Colon v. United States*, No. 21-15926, 2021 WL 5416653, at*2 (D.N.J. Nov. 18, 2021).

[16] The Judgment was entered on the docket the day after the sentencing, on February 23, 2019. Am. J. [Doc. No. 56]. If this were the operative date, rather than February 22, 2019, the date sentence was pronounced, the appeal period would have ended on March 11, 2019 (as March 9, 2019 was a Saturday). The motion was untimely under either date.

[17] *See* Def.'s § 2255 Mot. [Doc. No. 64] at ECF page 12.

[18] *See* Def.'s Req. for Ext. of Time [Doc. No. 63].

[19] *United States v. Thomas*, 713 F.3d 165, 174 (3d Cir. 2013) (quotations omitted). "[T]he doctrine of equitable tolling permits untimely habeas filings in 'extraordinary situations.'" *Id.*

[20] *Id.* (quotations omitted).

[21] *Ross v. Varano*, 712 F.3d 784, 799 (3d Cir. 2013).

[22] *Id.* at 799–800.

[23] *Id.* at 800.

**B. Discussion**

The Court received both Defendant's letter request for an extension of time and his § 2255 motion on March 18, 2019.[24] Defendant's letter request is dated March 13, 2019 and is postmarked March 14, 2019.[25] Defendant certified in his § 2255 motion that it was placed in the prison mailing system on March 14, 2019.[26] Both filings were submitted outside the one-year AEDPA statute of limitations period, which ended on March 8, 2019. Though these filings were only late by a few days, Defendant is time-barred from pursuing his § 2255 motion.

Moreover, Defendant does not present a sufficient basis for equitable tolling. Defendant provides no support for a finding that Defendant was diligent, fails to explain the necessity of the materials Defendant claims he was deprived of, lacks specificity in when and how Defendant was delayed, and does not offer an "extraordinary" circumstance to excuse Defendant's late filing. Defendant, without specificity, blames his need for additional time on "antiquated" typing equipment and frequent and prolonged closures of the prison's law library—all rather ordinary circumstances.[27] Defendant also states that:

> Those who have the responsibility to assist me in the packaging of the documents and mail through the legal mail system (counselors) have not been appearing for work on a regular basis, and others to whom I am sent have been uncooperative. Although I am hopeful that at least one of my building's counselors shows up for

---

[24] Def.'s Req. for Ext. of Time [Doc. No. 63]; Def.'s § 2255 Mot. [Doc. No. 64].

[25] Def.'s Req. for Ext. of Time [Doc. No. 63] at ECF pages 1–2.

[26] Def.'s § 2255 Mot. [Doc. No. 64] at ECF page 12.

[27] Def.'s § 2255 Mot. [Doc. No. 64] at ECF pages 10–11. *See Robinson v. Johnson*, 313 F.3d 128, 143 (3d Cir. 2002) ("Deprivation of legal material for a relatively brief time period is not sufficient to warrant tolling"); *Thomas*, 713 F.3d at 174 (holding that the Defendant "failed to show that he diligently pursued his rights and that he was beleaguered by an extraordinary circumstance," despite a period of 120 days without access to legal materials); *Harding v. Warden Mason of SCI Mahanoy*, No. 5:21-CV-02393-JDW, 2021 WL 5177711, at *2 (E.D. Pa. Nov. 8, 2021) (quotations omitted) (holding that a petitioner seeking equitable tolling of habeas deadlines due to the Covid-19 pandemic and associated prison lockdowns must still demonstrate that he was "diligently pursuing his rights, and how, specifically, the pandemic prevented him from timely filing").

5

work in the next few days, this will not guarantee that they have yet obtained the necessary priority mailing envelope that I need to send the documents.[28]

Although it is troubling that Defendant asserts that the counselors were not available to assist Defendant with mailing, it was not necessary for him to send the documents by priority mail, and he does not allege that he was otherwise prevented from timely mailing the § 2255 motion. Further, while Defendant describes delays that arose at the very end of the statutory filing period, the Supreme Court has emphasized that diligence has to be demonstrated *throughout* the filing period in order to support equitable tolling.[29] This is particularly true where, as here, the "proffered difficulties [are] ministerial [and] could have been anticipated or discovered, and thus timely resolved, through [Defendant's] exercise of reasonable diligence."[30] Dismissal is a harsh result, but "courts have consistently declined to excuse petitions that are even a day tardy."[31]

---

[28] Def.'s Req. for Ext. of Time [Doc. No .63] at ECF page 1.

[29] *See Pace v. DiGuglielmo*, 544 U.S. 408, 419 (2005) (noting that a petitioner had not demonstrated diligence where he "sat on" the claims underlying his federal habeas petition for five months after state habeas proceedings had terminated); *Garrick v. Diguglielmo*, 162 F. App'x 122, 125 (3d Cir. 2005) (holding that a petitioner had not demonstrated diligence even though his prison library refused to provide paper habeas forms for four months where (1) the petitioner had other ways to obtain habeas forms and (2) the petitioner did not explain why he did not obtain habeas forms in the first eight months of the statutory period); *compare with Butler v. Walsh*, 846 F. Supp. 2d 324, 331 (E.D. Pa. 2012) (finding that a petitioner was diligent because he demonstrated that he immediately took steps to prepare a habeas petition and "did not sit on his rights for many months . . . before filing his Petition").

[30] *Garrick*, 162 F. App'x at 125.

[31] *Wilson v. Tice*, No. 18-CV-2310, 2019 WL 1645226, at *4 n.4 (E.D. Pa. Jan. 7, 2019), *report and recommendation adopted*, No. CV 18-2310, 2019 WL 1620806 (E.D. Pa. Apr. 16, 2019) (collecting cases). *See also Garrick*, 162 F. App'x. at 122–25 (3d Cir. 2005) (affirming dismissal of habeas as untimely by six days where the petitioner failed to present a sufficient case for equitable tolling); *Villatoro v. Ferguson*, No. CV 15-6119, 2016 WL 2983775, at *2 (E.D. Pa. Mar. 28, 2016), *report and recommendation adopted*, No. CV 15-6119, 2016 WL 2959375 (E.D. Pa. May 23, 2016) (recommending dismissal of a habeas petition that was filed only a day late where the petitioner failed to justify equitable tolling).

### III. CONCLUSION

Defendant's habeas motion will be dismissed as time-barred. Defendant's filings were submitted outside the one-year AEDPA statute of limitations period, and his requests for an extension of time do not demonstrate a basis for equitable tolling. Therefore, Defendant is time-barred from pursuing his § 2255 habeas petition. As there is no legal basis for relief, an evidentiary hearing is not justified in this case,[32] and there is no probable cause to issue a certificate of appealability.[33] An order will be entered.

---

[32] *See* 28 U.S.C. § 2255(b) (a district court must hold an evidentiary hearing unless the "motion and the files and records of the case conclusively show" that the Defendant is not entitled to any form of relief); *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) (When considering whether to hold an evidentiary hearing, "a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief"). The Third Circuit has "instructed district courts to focus on whether a new evidentiary hearing would be meaningful, in that a new hearing would have the potential to advance the Defendant's claim" *Morris v. Beard*, 633 F.3d 185, 196 (3d Cir. 2011) (quotations omitted).

Where a habeas motion is time-barred and equitable tolling is not warranted, a court may dismiss a time-barred case without holding an evidentiary hearing. *McKeithan v. Varner*, 108 F. App'x 55, 59 (3d Cir. 2004).

[33] Under the standards set forth by the Third Circuit, Petitioner has not demonstrated grounds for equitable tolling of the statute of limitations applicable to § 2255 petitions. However, given the evaluation of Defendant's circumstances required by any request for equitable tolling, and noting that Defendant's motion was mailed only a few days after the statute of limitations expired, the Court has carefully considered whether a certificate of appealability should issue in this case. In assessing the value of issuing a certificate of appealability, the Court notes that Defendant's § 2255 motion does not bring any claims that, if timely presented, would clearly entitle him to an evidentiary hearing, let alone substantive federal habeas relief.

For the reasons set forth above, there is no basis for concluding that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal citation omitted).